IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SANDRA KELLOGG MORNEAU                                                              PLAINTIFF

V.                                              Civil No. 12-cv-4109

MARK D. SIMS; JACKIE RUNION;
JEFFREY CLAY RABORN; JUSTIN
SMITH; RON STOVALL; DUKE
SCHOFIELD; and ROBERT TIBBIT                                                        DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed February 10, 2014, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 101). Judge Marschewski recommends that: (1) Defendants' Motions for Summary Judgment (ECF Nos. 76, 81 & 86) be granted; and (2) Plaintiff's Motion for Summary Judgment (ECF No. 93) be denied. On February 20, 2014, Plaintiff filed objections to Judge Marschewski's Report and Recommendation. (ECF No. 102). On February 26, 2014, Defendants Clay Raborn, Jackie Runion, and Justin Smith responded to Plaintiff's objections. (ECF No. 103). On March 5, 2014, Defendant Mark D. Sims responded to Plaintiff's objections. (ECF No. 104). After reviewing the record *de novo*, the Court adopts Judge Marschewski's Report and Recommendation as its own.[1]

---

[1] A list of Plaintiff's claims and the relevant facts of this case are summarized in Judge Marschewski's Report and Recommendation. (ECF NO. 101).

Instead of objecting to the Report and Recommendation, Plaintiff resubmits her Motion for Summary Judgment[2] with minor revisions and offers documentary evidence to the Court. For the following reasons, the Court concludes that the revisions and documents do not disturb Judge Marschewski's findings.

As to the revisions, Plaintiff appears to offer new allegations against Defendant Sims. However, as Judge Marschewski stated in his Report and Recommendation, Plaintiff cannot bring suit under 42 U.S.C. § 1983 against Defendant Sims because he is a private citizen.

As to the documentary evidence, Plaintiff attached correspondence between her deceased husband and various governmental officials as well as affidavits by Plaintiff and a member of the Caddo Fire Department. None of the documents, however, create a question of fact as to Defendants' liability for the death of Plaintiff's husband nor do they show how Plaintiff's constitutional rights were implicated. The correspondence merely details the border dispute which is referenced in Plaintiff's complaint. The affidavits only reveal that LifeNet ground and air units treated Plaintiff's deceased husband while the Caddo Fire Department and Plaintiff were denied contact. Additionally, Plaintiff's affidavit reveals that her priest was not denied access but arrived too late to administer last rites. Accordingly, because the revisions and documents do not create a question of fact as to Defendants' liability or demonstrate how Plaintiff's constitutional rights were implicated, Judge Marschewski's findings should not be disturbed.

Additionally in her objections, Plaintiff expresses dissatisfaction with her former attorney on this case. The Court notes Plaintiff's dissatisfaction. However, an objection to a Report and Recommendation is not the appropriate method to bring this grievance.

---

[2] As Judge Marschewski noted in his Report and Recommendation, Plaintiff's original Motion for Summary Judgment (ECF No. 93) is a repetition of the facts alleged in the complaint and is not supported by any affidavits or other evidentiary materials.

For the reasons set forth above, the Court overrules Plaintiff's objections and adopts Judge Marschewski's Report and Recommendation. (ECF No. 101). Accordingly, Defendants' Motions for Summary Judgment (ECF Nos. 76, 81 & 86) are **GRANTED**, and Plaintiff's Motion for Summary Judgment (ECF No. 93) is **DENIED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of March, 2014.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
United States District Judge